**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 1 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

J&J DEVELOPMENT CORP.,

      Petitioner,

v.

COMMODITY FUTURES TRADING
COMMISSION,

      Respondent.

No. 96-9514
(Petition for Review)
(CFTC Docket No. CRAA-95-2)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

J&J Development Corporation (J&J) filed this petition for review of an order of the Commodities Futures Trading Commission (Commission), affirming the National Futures Association's (NFA) decision assessing a $2000 fine against J&J for untimely filing of financial statements.[1] The NFA, through its Western Regional Business Conduct Committee (BCC), served a one-count complaint charging J&J with filing late reports. The BCC held a hearing and issued a decision finding that the NFA presented reliable evidence establishing that the filings were late. It further found J&J's rebuttal evidence not credible and rejected J&J's interpretation of the Commission rules to mean "business" days, as opposed to "calendar" days, noting that five of the seven late-filed documents would still have been late under that interpretation. The BCC also credited the NFA's evidence that it notified businesses of filing dates, and therefore found that J&J had not acted under a good faith misapprehension of the filing requirements. Finally, the BCC imposed a fine of $2000.

J&J appealed the BCC's decision to the NFA Appeals Committee. It deferred to the BCC's judgment on witness credibility and reliability of the

---

[1] We have determined that we have jurisdiction to decide this matter because the petition for review was filed within fifteen days of the Commission's April 17, 1996 Order on Reconsideration. See 7 U.S.C. § 9. J&J's April 30, 1996 "Appeal of Order," filed with the Commission, was a successive motion and it did not render the April 17 order nonfinal.

documentary evidence. On the record before it, the Appeals Committee found no error by the BCC, and it affirmed.

J&J then sought review by the Commission. The Commission reviewed the record and found that the NFA's conclusions were supported by the weight of the evidence therein. It did note that the NFA erred by not allowing J&J to examine the receipt-stamped original filings that were introduced into evidence in accordance with the NFA compliance rules. It determined, however, that "the record establishes that NFA's error did not prejudice J&J's opportunity to challenge the material elements of NFA's case, i.e., to show that J&J had taken sufficient steps to submit the reports in a timely manner." Appellant's App. at 19 n.3. Thus, the Commission concluded that the error was harmless.[2]

J&J filed a petition for review of the Commission's order affirming the imposed fine with this court. See 7 U.S.C. §§ 21(i)(4) and 9. We review the order of the Commission to determine whether its factual findings are supported by the weight of the evidence. See id. § 9; Monex Int'l, Ltd. v. Commodity

_____

[2] The Commission issued two subsequent orders in response to "appeals" by J&J. The first, dated April 17, 1996, left the affirmance intact and simply attached the appendix that was omitted from the original order because of clerical error. See Appellant's App. at 5 and n.1. The second "Order Pursuant to Delegated Authority," dated May 29, 1996, again left the original affirmance undisturbed and only clarified the handling of several motions questioned by J&J. See Appellant's App. at 3. It is the substance of the original order of the Commission from which J&J seeks review.

-3-

Futures Trading Comm'n, 83 F.3d 1130, 1133 (9th Cir. 1996). The "weight of the evidence" has been equated to a "preponderance of the evidence." Id.; First Nat'l Monetary Corp. v. Weinberger, 819 F.2d 1334, 1338-39 (6th Cir. 1987).

We have reviewed the record in this case, and we hold that the Commission's factual findings are, indeed, supported by the weight of the evidence. Further, after de novo review, see Monex, 83 F.3d at 1133, we find no error in the Commission's finding that J&J was not prejudiced by, and, therefore, suffered no due process violation from, the NFA's error in not producing the receipt-stamped original forms for examination. Likewise, we find no merit in J&J's remaining arguments.[3] The final order of the Commission is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[3] The record contains no indication that J&J previously raised its argument that some of the filing violations alleged by the NFA had been resolved by a prior settlement agreement. We decline to consider this argument raised for the first time in this petition for review. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).